UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER #731077,

    Plaintiff,

v.                                                    Case No. 2:16-cv-209
                                                      HON. PAUL L. MALONEY

ERICA HUSS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff D'Andre Alexander filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging retaliation and conspiracy claims against Defendants Erica Huss, Fred Govern, Unknown Viitala, and Unknown Leach. Defendants have moved for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies. (ECF No. 13.) Plaintiff has responded. (ECF No. 15.) This matter is now ready for decision.

In his complaint, Plaintiff alleges that Defendant Leach retaliated against him in response to Plaintiff filing grievances against another prison official. Specifically, Plaintiff alleges that on December 9, 2015, Defendant Leach disrespected him and encouraged suicidal behavior. On December 9, 2015, and December 12, 2015, Defendant Leach crushed the contents of Plaintiff's snack bags. On December 13, 2015, Defendant Leach tampered with Plaintiff's food tray. On December 14, 2015, Defendant Leach spit in Plaintiff's dinner tray and crushed Plaintiff's snack bag. On December 15, 2015, Defendant Leach refused to give Plaintiff his mail. On December 16, 2015, Defendant Leach refused to let Plaintiff shower and crushed Plaintiff's snack bag. On December 17, 2015, Defendant Leach stole Plaintiff's snack bag and stated, "I hope you

starve tonight nigger." On December 21, 2015, Defendant Leach conducted a retaliatory search of Plaintiff's cell and crushed Plaintiff's snack bag. On December 22, 2015, Defendant Leach threw a piece of paper meant for Plaintiff on the floor and stated, "Pick that shit up nigger!" On December 24, 2015, Defendant Leach wrote a false misconduct ticket on Plaintiff and crushed Plaintiff's snack bag. Plaintiff further complains that he told Defendants Erica Huss, Fred Govern, and Unknown Viitala about Defendant Leach's retaliatory conduct, but they refused to intervene.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir.

2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the

administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief; where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it; or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ P, V. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by

> intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id*. at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id*. at 324.

*Mattox v. Edelman*, 2017 WL 992510, slip op. at 8-9 (6th Cir. 2017).[1]

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, BB. The respondent at Step II is designated by the policy. *Id.* at ¶ DD. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ T, FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶¶ T, FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ." *Id.* at ¶ S.

---

[1] In *Holloway v. Mclaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id.* at 3. In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." Slip op. at 16. For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

Defendants state that Plaintiff exhausted only one grievance related to his claims in this case through Step III—Grievance # MBP-15-12-2241-17a. The "date of the incident" listed on this grievance is December 13, 2015, and Plaintiff filed the Step I grievance on December 14, 2015. Based on the incident date, Defendants argue that Plaintiff only exhausted his administrative remedies on his allegation that Defendant Leach tampered with his dinner tray on December 13, 2015.

In response, Plaintiff argues that Grievance # MBP-15-12-2241-17a exhausted all of his claims in this case. At Step I, Plaintiff alleged that Defendant Leach (1) disrespected Plaintiff and encouraged suicidal behavior on December 9, 2015; (2) crushed several of Plaintiff's snack bags; and (3) tampered with his dinner tray on December 13, 2015. (PageID.157.) Plaintiff asserts that Defendant Govern was part of the grievance at Step I. Although the copy of the Step I grievance is difficult to read, it appears that Plaintiff alleged that Defendant Govern was aware of the alleged incidents with Defendant Leach. Plaintiff's grievance was denied at Step I. Despite being named in the Step I grievance, Defendant Govern was the respondent. He denied the grievance at Step I because Defendant Leach denied tampering with Plaintiff's food on December 13, 2015. (PageID.134.) Defendant Govern did not address any of the other allegations in the Step I grievance.

At Step II, Plaintiff added that Defendants Huss and Viitala failed to intervene with Plaintiff's issue with Defendant Leach. Plaintiff also added several additional retaliatory actions taken by Defendant Leach in December 2015.[2] In a sworn affidavit, Plaintiff states that he added the additional Defendants and new retaliatory conduct to his Step II grievance because the

---

[2] Again, the copies of these grievances are difficult to read. Defendants' copy of the Step II grievance is illegible. (PageID.132.) Plaintiff's copy of the Step II grievance is only slightly better and the undersigned can ascertain names and dates in the grievance. (PageID.159.)

grievance coordinator would reject any Step I grievance that was related to a previously grieved issue. (PageID.162.) Plaintiff's grievance was denied at Step II. Plaintiff appealed to Step III, and the grievance was subsequently denied.

The undersigned finds that Plaintiff properly exhausted his available administrative remedies on his claims in this case. Although the incident date listed on the grievance was December 13, 2015, Plaintiff began the Step I grievance by explaining that Defendant Leach disrespected him and encouraged suicidal behavior on December 9, 2015, as well as crushed several of Plaintiff's snack bags between December 9, 2015, and December 13, 2015. In responding to the Step I grievance, Defendant Govern focused solely on the "incident date" and not the substance of the grievance. Thus, Defendant Govern did not address the alleged events that occurred before December 13, 2015. This was unreasonable. The MDOC grievance policy mandates that prisoners include, among other things, dates in their grievances. Plaintiff complied with this requirement by including the dates in the body of the grievance. In the opinion of the undersigned, Plaintiff provided prison officials with enough information to address Defendant Leach's alleged conduct that occurred prior December 13, 2015.

In addition, the undersigned finds that Plaintiff attempted to exhaust his available administrative remedies on his claims that occurred after December 13, 2015. Plaintiff added the new claims and additional Defendants in his Step II grievance. As stated above, Plaintiff asserts that if he filed a new grievance alleging the new events, the grievance would have been rejected by the grievance coordinator because it would be related to a previous grievance. Defendants did not file a reply brief addressing this issue. Furthermore, the Step II grievance was not rejected for containing new issues or additional prison officials. Assuming Defendants would argue that the Step II grievance should have been rejected for adding new issues, Defendants cannot attempt to

enforce a procedural rule that was never relied on to reject the grievance. See *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010). Therefore, in the opinion of the undersigned, Defendants have failed to show that Plaintiff did not exhaust his available remedies on his claims in this case.

Accordingly, it is recommended that Defendants' motion for summary judgment on the grounds of exhaustion (ECF No. 13) be DENIED.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: August 30, 2017

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE