UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE ALEXANDER, #731077,            )
          Plaintiff,            )
                                 )       No. 2:16-cv-209
-v-                                    )
                                 )       Honorable Paul L. Maloney
ERICA HUSS, et al.,                    )
          Defendants.           )
                                       )

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND
## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

D'Andre Alexander, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed this *pro se* civil rights lawsuit under 42 U.S.C. § 1983. Defendants filed a motion for summary judgment asserting that Alexander failed to properly exhaust his administrative remedies. (ECF No. 13.) The magistrate judge issued a report recommending the motion be denied. (ECF No. 25.) Defendants filed objections. (ECF No. 26.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has reviewed the report and recommendation and Defendants' objections. The objections are overruled. Defendants complain that Alexander added individuals in his appeals of Grievance 2241-17a, individuals who were not named in the initial grievance. Generally, a prisoner must name defendants in the initial grievance and naming additional defendants in the Step II or Step III appeals will not properly exhaust claims. But, the MDOC must enforce its own procedures. When the MDOC opts to ignore procedural violations, and instead addresses the merits of the claim or the appeal, it cannot later raise the procedural defect as a defense. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010). Here, the MDOC did not address any procedural defects at either Step II or Step III. (PageID.131-33.) In the authority cited by Defendants, it is not clear whether the MDOC addressed the procedural defects at the Step II or Step III stages.

Therefore, the Report and Recommendation (ECF No. 25) is **ADOPTED** as the Opinion of this Court. And, Defendants' motion for summary judgment for failure to exhaust administrative remedies (ECF No. 13) is **DENIED.**

**IT IS SO ORDERED.**

Date: September 18, 2017  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge